## Fulton *v.* Miller, Appellant.

*Contracts—Conditions precedent—Substantial performance—Acceptance of benefits.*

1. Although conditions precedent must be performed and a partial performance is not sufficient, still when a contract has been performed in a substantial part and the other party has voluntarily accepted and received the benefits of the part performance knowing that the contract was not being fully performed, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability to pay for what he has received, and may be compelled to rely upon his claim for damages in respect to the defective performance.

2. In an action on a promissory note "conditioned upon the securing and delivery to the undersigned" of a certain "nine-foot vein of coal......and a portion of the......farm, together containing 258 acres......, together full and complete mining rights thereto, so as to make the coal saleable and marketable," where it appeared that plaintiff had complied with a substantial part of the contract, and had caused the coal to be conveyed to defendant, that defendant had accepted and retained the benefit of plaintiff's part performance, knowing that the contract had not been fully performed, the trial judge properly directed a verdict for plaintiff.

Argued May 9, 1916. Appeal, No. 85, Jan. T., 1916, by E. M. Lilley, from judgment of C. P. Fayette Co., June T., 1914, No. 472, on directed verdict for plaintiff in case of E. D. Fulton v. Mary A. Miller, Executrix, and W. A. Edmiston, Executor of the Estate of L. S. Miller, deceased, and E. M. Lilley. Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Assumpsit on promissory note. Before Van Swearingen, P. J.:

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $5,789.75 by direction of the court and judgment thereon. · E. M. Lilley appealed.

*Error assigned,* among others, was in affirming plaintiff's point for binding instructions.

*W. J. Sturgis,* with him *S. J. Morrow* and *William Augustus Miller,* for appellant.—The conditions precedent not having been performed defendants were entitled to judgment: Ford v. Buchanan, 111 Pa. 31; Coleman v. Grubb, 23 Pa. 393; Peoples Natural Gas Co v. Braddock Wire Co., 155 Pa. 22.

*H. S. Dumbauld,* with him *McDonald and Cray,* for appellee.—The conditions of the note having been substantially complied with, defendants having accepted performance with full knowledge of the facts cannot set up an alleged nonperformance of the conditions precedent as a defense to the note: Callan v. Lukens, 89 Pa. 134; Patton v. Fox, 22 Pa. Superior Ct. 416; Krueger v. Nicola, 205 Pa. 38; General Motors Truck Co. v. Philadelphia Paving Co., 248 Pa. 499; Fuhrman v. Loudon, 13 S. & R. 386.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This suit is on a note that L. S. Miller, now deceased, and E. M. Lilley gave plaintiff in connection with the purchase by them through him of certain coal in lands located in Washington County, Pa., and seems to represent plaintiff's commissions or profits on the. transaction.     The note is as follows, viz:

"March 31, 1900.

"Fifteen (15) months after date we promise to pay to the order of E. D. Fulton the sum of five thousand four hundred sixty-two and 03-100 ($5,462.03) dollars, with interest from April 1, 1900, with defalcation value received.

"The payment of this note is conditioned upon the se-

curing and delivery to the undersigned, their heirs or assigns within the fifteen (15) months, the nine (9) foot vein of coal under what is known as the W. H. Murray farm, and a portion of the R. M. & W. J. Andrews farm, together containing two hundred fifty-eight (258) acres, more or less, situate in Washington County, Pennsylvania, together with full and complete mining rights thereto, so as to make the said coal saleable and marketable. No interest to be paid after March 31, 1901.

"L. S. MILLER, (Seal).

"E. M. LILLEY, (Seal)."

"Attest: J. C. Works."

It was defendants' contention that in addition to the stipulations in the note plaintiff verbally agreed as part of the transaction to secure for them certain other valuable rights and privileges connected with said lands, and thereafter neglected and refused so to do. However, the court below properly found that the evidence was not sufficient to reform the note and that by it the rights of the parties must be adjudicated.

In an effort to comply with the condition of the note plaintiff, on April 3, 1900, obtained for said Miller and Lilley from R. M. and W. J. Andrews a certain warranty deed for the coal in the lands described in said note, with certain mining rights connected therewith, which deed was accepted by them and at the same time they gave to the vendors a purchase-money mortgage and afterwards paid the same. As we understand the facts, at or about the time plaintiff received said note, he gave the makers thereof a bond conditioned that he secure the coal and mining rights as provided in the note. His letters written subsequent to the execution of said deed seem to indicate that he did not then understand that he had fully performed on his part. However such deed did convey title to the coal in question to Miller and Lilley, and also certain mining rights connected therewith and appurtenant thereto. One provision thereof being as follows, viz:

"With the right to dig, mine and carry away said coal, and to dig, mine and carry other coal under the surface of said land through the openings made by digging, mining and carrying away the coal hereby conveyed, also with such privileges on the surface of said land as may be necessary for the purpose of sinking air shafts and ventilating the mines and successfully mining and carrying away said coal and all operations necessarily connected therewith. But all surface occupied by the owners of said coal, or their lessees, to be paid for at a fair market price; and all damages to the surface of said land or to the fences, improvements, timber or crops thereon, to be paid for by the owners of said coal or their lessees to the owner of the surface thereof, or his heirs or assigns."

There is nothing to show that plaintiff agreed to procure for Miller and Lilley, in connection with the mining rights, a release of damages to the surface. They retained and still have all the property and rights obtained by said deed and never have tendered a reconveyance or offered to rescind the transaction. Since their purchase the coal has greatly increased in value, and there is no evidence that Miller and Lilley did not make a good bargain, or that their interest in the coal is not "saleable and marketable." Nor is there any evidence as to what constitutes, "full and complete mining rights" thereto, or as to what if any damages they sustained by plaintiff's alleged failure to secure them such full rights.

The court below directed a verdict for plaintiff and later sustained the same on the ground that plaintiff had performed at least a substantial part of the contract, which had been accepted and retained by Miller and Lilley, and that he was therefore entitled to recover on the note, subject to defendant's right to set off against the same any damages sustained by reason of plaintiff's failure to fully perform the contract, and that after Miller and Lilley had retained the property and rights vested in them by said deed for about sixteen years the

burden was upon them to show wherein plaintiff had failed to perform on his part and the damages resulting therefrom. The court below say inter alia:

"A part performance or a defective performance of a condition precedent is generally not sufficient. But after one party has performed the contract in a substantial part, and the other party has accepted and had the benefit of the part performance, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability. In such case he must perform the contract on his part, and must rely upon his claim for damages in respect of the defective performance: 9 Cyc. 645. 'Although conditions precedent must be performed, and a partial performance is not sufficient, yet, when a contract has been performed in a substantial part, and the other party has voluntarily accepted and received the benefits of the part performance, knowing that the contract was not being fully performed, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability to pay for what he has received, and may be compelled to rely upon his claim for damages in respect of the defective performance. The foundation of this rule undoubtedly is that it would be unfair that a party should receive and keep a part of what he has bargained for and pay nothing for it, because he has not received the whole. The technical reason given is that a covenantee or promisee must be held to have dispensed with the performance of a condition precedent, as such, if, with knowledge that the contract was not being fully performed, he treats the contract as continuing and takes the benefit of the part performance.......

" 'An illustration of such change in the effect of a condition is afforded by a leading English case (Pust v. Dowie, Law J. 32 Q. B. 179), in which it appeared that the defendant had chartered the plaintiff's vessel for a certain voyage, and promised to pay a certain sum in

full for her use on condition of her taking a cargo of not less than 1,000 tons. The defendant had the use of the vessel as agreed upon, but it appeared that she was not capable of holding so large a cargo as had been made a condition of the contract. To an action brought for nonpayment of the freight, the defendant pleaded a breach of this condition. The term in the contract which had been described was held to have amounted in its inception, to a condition, and it was said that the defendant, while the contract was still executory, might have rescinded, and refused to put any goods on board, but as the contract had been executed, and the defendant had received a substantial part of the consideration, he could not rescind the contract, but must be left to his cross action for damages': Clark on Contract, p. 676.

"In addition to the case cited by Clark, which, in principle, in our opinion is very close to the case now under consideration, may be noted the case of Wiley v. Inhabitants of Athol, in the Supreme Judicial Court of Massachusetts, 150 Mass. 426, 23 N. E. Repr. 311, 6 L. R. A. (O. S.) 342. In that case the plaintiff's company had entered into a contract to furnish the defendant town at all times with a full and ample supply of water from eight hydrants, and from each and all of them, for the purpose of extinguishing fires, at a certain price per hydrant per year, for a period of twenty-five years, and the contract contained a guaranty on the part of the company to supply sufficient water at all times to run all of the eight hydrants at the same time and to throw eight full streams of water over the highest building in town." . . . . . .

"The lower court refused to rule that in order to recover the plaintiff was bound to prove, as a condition precedent, that during all the time covered by the declaration a sufficient supply of water had been furnished to run all of the eight hydrants at the same time and to throw eight full streams of water over the highest building in the town. In sustaining the position of the court

below the Supreme Court said: 'The furnishing of the water was the principal thing, to which every thing else was subordinate. We agree, therefore, with defendant's counsel in his contention that the guaranty was in its nature a continuing condition precedent, the performance of which was necessary to enable the plaintiff to recover, semi-annually, the price agreed to be paid for the use of the hydrants. But, although conditions precedent must be performed, and a partial performance is not sufficient, yet, when a contract has been performed in a substantial part, and the other party has voluntarily accepted and received the benefit of the part performance, knowing that the contract was not being fully performed, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability to pay for what he has received and may be compelled to rely upon his claim for damages in respect of the defective performance.' The ruling in that case, it seems to us, is on all fours with the case now under consideration. Here the plaintiff was to deliver certain coal, with full and complete mining rights so as to make the coal saleable and marketable. He delivered the coal, with mining rights, which constituted at least a substantial part of the contract, and the makers of the note voluntarily accepted the same and received and retained the benefit of the part performance, knowing, if that be a fact, that the contract was not being fully performed, and they are precluded now from relying upon the performance of the residue of the contract as a condition precedent to their liability on the note."

Which in our opinion is a correct statement of the law applicable to this case.

By amendment granted in the court below, Mr. Lilley is now the sole defendant.

The assignments of error are overruled and the judgment is affirmed.