## Orner *v.* McCauley, Appellant.

*Vendor and vendee—Covenant—Deduction from prices for repairs—Loss of profits—Speculative profits—Set-off.*

1. Where a vendor of a moving picture establishment covenants to make certain repairs, but after making an effort in good faith, is not successful and the vendee completes the job, the vendee must pay the contract price less the expense of completing the work as the vendor should have done it; he cannot keep the property without paying for it, merely because the vendor failed to perform a minor covenant relating thereto.

2. In such case, the vendee cannot set off alleged profits he might have made, if the vendor had not delayed, where it appears that the theatre had not been a going concern for months when vendee bought it, so that the question as to whether or not its operation would have been profitable was too speculative to constitute a valid set-off.

Argued April 18, 1922. Appeal, No. 16, Jan. T., 1922, by defendant, from judgment of C. P. Blair Co., Jan. T., 1921, No. 199, on verdict for plaintiff, in case of M. V. Orner v. B. F. McCauley. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Issue to determine the validity of judgment. Before BELL, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,849.10. Defendant appealed.

*Errors assigned* were various instructions and rulings appearing by the opinion of the Supreme Court, quoting them.

*W. C. Fletcher,* for appellant, cited as to performance: Martin v. Schoenberger, 8 W. & S. 367; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Morgan v. Gamble, 230 Pa. 165; Miller v. Phillips, 31 Pa. 218; Pressy v. McCornack, 235 Pa. 443; Holmes v. Oil Co., 138 Pa. 546; Gallagher v. Sharpless, 134 Pa. 134; Snedaker v. Torpey, 41 Pa. Superior Ct. 312; Beyer v. Mountz, 60 Pa. Superior Ct. 22.

*Thos. C. Hare,* with him *W. Frank Vaughan,* for appellee, cited as to performance: Pressy v. McCornack, 235 Pa. 443; Jackson v. McGinness, 14 Pa. 331; Cover v. Hoffman, 213 Pa. 213; Blygh v. Samson, 137 Pa. 368.

OPINION BY MR. JUSTICE WALLING, May 15, 1922:

On January 10, 1919, the parties hereto entered into a written contract by which the plaintiff, M. V. Orner, agreed to sell the defendant, B. F. McCauley, a moving picture theatre, including building and furniture in Juniata Borough, Blair County, for $4,500, of which $2,500 was paid by assignment of a mortgage, $25 in cash and the balance, $1,975, to be paid February 10, 1919. Immediate possession was to be and was given. The contract contained a judgment clause providing, inter alia, that, in "case of default, the said party of the second part [McCauley] hereby authorize and empower any attorney of any court of record in the State of Pennsylvania, or elsewhere, to appear for the said party of

the second part and confess a judgment for the whole principal sum and interest remaining unpaid hereon. ......Or the said party of the first part may, at his option, proceed by action of ejectment on this agreement, for the balance of such purchase money after default made as aforesaid; and in such case, the said party of the second part authorize and empower any attorney of record of the Court of Common Pleas of Blair County, State of Pennsylvania, to appear for him in an amicable action of ejectment for the premises above described ......and confess judgment therein in favor of the plaintiff and against the defendant, for said premises." On August 29, 1919, no part of the $1,975 having been paid, plaintiff entered judgment on the agreement in an amicable action of ejectment and issued a writ of possession; but on defendant's petition the judgment was opened and an issue framed to determine two questions, viz: "First: Did plaintiff perform the covenants to be by him performed in the agreement of sale? Second: What, if anything, is due from defendant to the plaintiff under the contract of sale?" The contract of sale provides that the vendor, Orner, "will make all necessary changes and alterations so as to comply with the requirements of the State Department supervising moving picture houses, except the arranging of the seats or chairs and the equipping and placing of and changing of moving picture machine's booth in said theatre." He also therein agreed to repair the steam heating system. The main changes necessary to meet the requirements of the state board were in exits and electric wiring. Plaintiff made an honest effort to do what his contract required but was not successful and defendant completed the job. On the trial of the issue, the court instructed the jury that as matter of law plaintiff had substantially complied with his contract, which if correct answers the first question in the issue. The court also told the jury, in effect, to give defendant credit for the expense of completing the work. As to that the evidence was con-

flicting and the jury allowed a credit of some $300, and found for plaintiff for the balance of the $1,975 and interest, thus answering the second question in the issue. Judgment having been reinstated for the amount of the verdict, defendant brought this appeal.

There is no question as to plaintiff's ability and readiness to give defendant a good title to the property, so in the present state of the record whether he substantially performed the covenant as to the repairs is unimportant. He is seeking to recover for the contract price of the property, not for repairs made thereto; and, as defendant never offered to rescind the contract but elected to keep the property when he knew it had not been put in such condition as the contract required, he must pay the agreed price, less the expense of completing the work as plaintiff should have done it, and that is the effect of the verdict: see Fulton v. Miller, 254 Pa. 363; Cover v. Hoffman, 213 Pa. 213; Jackson v. McGinness, 14 Pa. 331, 333. Defendant cannot keep the property without paying for it, merely because plaintiff failed to perform a minor covenant relating thereto.

Defendant claims that by reason of plaintiff's negligence and unskilful work in making the repairs the opening of the theatre was long delayed, by which he had lost the profits he would otherwise have made by its operation. This claim the trial judge rejected as not within the terms of the issue framed, and too uncertain to be set off against the judgment. We agree with the latter conclusion; the theatre had not been a going-concern for months when defendant bought it; so the question as to whether or not its operation would have proven profitable was too speculative to constitute a valid set-off: Cramer v. Grand Rapids Show Case Company, 1 Am. Law Reports, Annotated, 154 and note.

We have examined all the assignments of error but find nothing to justify a reversal or that seems to require further discussion.

The judgment is affirmed.