J-S05006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
      Appellee :
:
      v. :
:
KEITH WOOD, :
:
      Appellant : No. 1635 WDA 2013

Appeal from the PCRA Order September 24, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No(s): CP-02-CR-0002862-2007,
CP-02-CR-0012474-2007, CP-02-CR-0012475-2007
and CP-02-CR-0012477-2007

BEFORE: DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:         **FILED FEBRUARY 4, 2015**

Keith Wood ("Wood") appeals from the order of court dismissing his pro se petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 – 9546. We affirm.

In 2008, Wood was convicted of multiple counts of burglary, rape, involuntary deviate sexual assault, aggravated assault, indecent assault, aggravated indecent assault, terroristic threats, theft by unlawful taking and one count each of robbery and indecent exposure. These convictions stemmed from incidents that occurred in various eastern neighborhoods of Pittsburgh during 2000 and 2001, in which Wood broke into the apartments of four women, raped and assaulted them, and in some instances, stole from them. Although the incidents occurred in 2000 and 2001, Wood was not

charged with the crimes until 2007, after his DNA was matched to seminal fluids recovered from the victims. He was sentenced to an aggregate term of eighty to 160 years of imprisonment. This Court affirmed his judgment of sentence on January 25, 2011 and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on August 10, 2011.

On May 21, 2012, Wood filed a pro se PCRA petition. The PCRA court appointed counsel, who subsequently filed a petition seeking permission to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), addressing the more than twenty-five issues that Wood sought to raise. The PCRA court sent notice of its intent to dismiss Wood's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907") and permitted counsel to withdraw. Wood filed a response to the Rule 907 notice in which he raised the additional claims of a violation of a right to pre-arrest counsel and "abuse of authority/power/discrition [sic]"; asserted that there is merit to his claims which he will prove at a hearing; and requested funds for an "expert court appointed witness," an investigation to "prove facts to all claims", and other appointed counsel to "properly amend" his PCRA petition. Objection to Proposed Intention to Dismiss, 9/12/13, at 2-3. After considering the

objections raised by Wood, the PCRA court dismissed his petition. PCRA Court Order, 9/24/13. This timely appeal followed.[1]

We begin by noting that in his statement of questions involved, Wood has listed thirty-six issues. **See** Wood's Brief at 17-23. However, in the argument section of his brief, we discern discussion of only six distinct issues. Our law provides that an issue included in the statement of questions involved is waived when the appellant fails to develop an argument in support thereof. **Commonwealth v. Long**, 753 A.2d 272, 278-279 (Pa. Super. 2000). Accordingly, we will confine our review to the issues for which Wood has provided an argument. Furthermore, only five of these issues were included in, or fairly suggested by, Wood's Rule 1925(b) statement; thus, our review is further limited to only these five issues. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Webbs Super Gro Products, Inc.**, 2 A.3d 591, 594 (Pa. Super. 2010) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.").[2]

---

[1] The PCRA court ordered Wood to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("Rule 1925(b) statement"). Wood complied, raising fifteen issues in his Rule 1925(b) statement.

[2] We note that the Rules of Appellate Procedure also provide that "[t]he argument [in an appellant's brief] shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Wood has violated this rule, as his argument is not divided into distinct parts, but instead is seven and a half uninterrupted pages, some of which include duplication of whole paragraphs. This Court is empowered to quash an appeal when appellant's failure to

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth. v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (internal citation omitted).

Section 9543(a)(2), which enumerates that errors upon which a PCRA claim may be based, provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> ***
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

---

conform to the briefing requirements is substantial. Pa.R.A.P. 2101. While Wood's briefing defects complicate our review, they do not substantially handicap it, and so we will not quash his appeal.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).  Furthermore,

[t]o be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, and the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

**Commonwealth v. Robinson**, 82 A.3d 998, 1005 (Pa. 2013).

In his first issue, Wood claims that he suffered a **Batson**[3] violation. Woods argues that he "was forced to pick from a panel of jurors" that was

---

[3] **Batson v. Kentucky**, 476 U.S. 79 (1986).

- 5 -

"made up of mostly Caucasian people" and that "there were not even enough African Americans to interview for [Wood] to have had more than one African American jurors [sic] on the jury." Wood's Brief at 28. He claims that his equal protection rights were violated by the composition of the juror pool, and alleges that transcripts from the voir dire proceedings support his claim. *Id.* We do not reach the merits of this issue. Wood could have raised this issue on direct appeal but failed to do so; accordingly, it has been waived. *Robinson*, 82 A.3d at 1005 (holding that in the context of a PCRA proceeding, an issue is waived if appellant could have raised it but failed to do so on direct appeal).

The balance of Wood's issues involve claims of trial counsel's ineffectiveness. Specifically, Wood argues that trial counsel was ineffective for failing to adequately impeach the testimony of Thomas C. Meyers, who testified that he matched Wood's DNA with DNA recovered from the victims' apartments. Wood contends that trial counsel should have impeached Mr. Meyers with a laboratory report, signed by Pamela Call, that indicates no DNA match was made. Wood's Brief at 29-30.

To prove ineffective assistance of his trial counsel, an appellant must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the appellant. *Commonwealth v. Moser*, 921 A.2d 526, 531

(Pa. Super. 2007).  The failure to meet any prong of this test requires that the claim be dismissed.  ***Id.***

Following our review of the record, we conclude that Wood has failed to prove that the claim underlying this allegation of ineffectiveness has merit.  To begin, there is no laboratory report from Pamela Call indicating that Wood's DNA did not match DNA recovered from the victims.  To the contrary, the only report bearing Pamela Call's signature in the record (which Wood attached to his PCRA petition) indicates that Wood's DNA matched DNA recovered from a semen stain on one of the victim's scarves.  PCRA Petition, 5/21/12, at Exhibit E.  As there is no merit to this claim, the overriding allegation of ineffectiveness cannot succeed.  ***Moser***, 921 A.2d at 531.

Wood also argues that the evidence establishes that his DNA was not found on the victims  M.T., A.U, T.S. and A.O., and therefore trial counsel was ineffective for failing to make Mr. Meyers explain how Wood's DNA could have been found on objects in their apartments when it was not found on their bodies.  Wood's Brief at 30-33.

First, the evidence establishes that DNA was recovered from A.U. and T.S.  N.T., 6/11/08, at 261, 263.  Thus, this argument fails with regard to these victims.  Second, Wood has failed to establish how trial counsel's failure to cross-examine Mr. Meyers on the fact that DNA was not found on the bodies of the other victims, M.T. and A.O., caused him prejudice.  The

evidence reveals that there was no question that DNA was not recovered from the bodies of these particular victims. At trial, Robert Askew, the supervisor of the serology and DNA division of the Office of the Medical Examiner of Allegheny County, testified that with regard to M.T., no sperm was recovered from the vaginal and anal swabs, but a green pillowcase from M.T.'s bedroom was tested and it revealed a sufficient amount of seminal fluid for DNA testing. *Id.* at 269-70. Concerning A.O., Mr. Askew testified that some seminal fluid was recovered from her rectal swab, but that it was of an insufficient amount to allow DNA testing. *Id.* at 264-65. He further testified that a scarf from the scene of the attack was tested and yielded enough seminal fluid to permit DNA testing. *Id.* at 266-67. Thus, sources of DNA were recovered from these crime scenes; it matters not whether the sample was recovered from the victims' bodies. We can see no prejudice caused by the fact that trial counsel did not press Mr. Meyers to explain how a DNA profile could have been made when no DNA was recovered from the victims' bodies. To the contrary; such a line of questioning could have had the effect of overemphasizing the fact that Wood's DNA was found in the victims' homes. Thus, having failed to prove that he was prejudiced by the alleged ineffectiveness, Wood is not entitled to relief. *Moser*, 921 A.2d at 531.

In sum, of the claims that Wood properly preserved and presented to this Court, we have concluded that none has merit. Accordingly, we find no

error in the PCRA court's determination to dismiss Wood's petition. We also note that after filing his appellate brief, Wood filed a motion with this Court seeking the appointment of counsel to amend his brief. This motion is denied.

Order affirmed. Motion for Court Appointed Counsel denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2015