J-A11027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA LYNCH | |
| Appellant | No. 953 EDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001696-2014

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED June 24, 2016**

Appellant, Joshua Lynch, appeals from the March 4, 2015 aggregate judgment of sentence of 3 to 23 months' incarceration, imposed after the trial court convicted Appellant of one count each of fleeing or attempting to elude police, failing to stop at a red signal, and careless driving.[1]  After careful review, we affirm.

The trial court recounted the facts of record as follows.

> On August 2, 2013, Officer Thomas Phillips and other officers from the Bristol Township Police Department attempted to effectuate an arrest warrant for Appellant.  The Officers began surveillance at 605 Winder Ave., Bristol, PA in an

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3733(a), 3112(a), and 3714(a), respectively.

attempt to locate Appellant. During his reconnaissance and while attempting to take Appellant into custody, Ofc. Phillips observed Appellant several times, including while driving a silver Toyota Camry, registration JCF-2006. This Camry was the same vehicle that was used by Appellant in a drug transaction days prior.

At approximately 8:34 PM, there were enough [o]fficers present in the area to effectuate a traffic stop of Appellant, who was then driving the same Toyota Camry. Ofc. Phillips was driving directly behind Appellant in his own vehicle, followed directly by an undercover police vehicle occupied by Officers Durle and O'Brien. At a steady red light, Ofc. Phillips moved his vehicle alongside Appellant's, ultimately maneuvering it past the front corner of the target vehicle, so as to block Appellant's forward path. Officers Durle and O'Brien then initiated the overhead lights of their undercover vehicle, and the Officers left their vehicles to effectuate an arrest of Appellant. The Officers were each wearing their badges around their necks overtop of black bullet-proof vests with the word "Police" displayed in large white lettering on the front and back. At this point, Appellant was the driver and sole occupant of the Camry.

Ofc. Phillips approached the driver's side door of the vehicle, announcing "Police." Meanwhile, Ofc. Durle exited his vehicle and approached the passenger's side of Appellant's vehicle. As the Officers advanced, Appellant "immediately put his car in Reverse, backed up, turned his vehicle to the right, jumped the curb onto the sidewalk, drove down the sidewalk, back onto the roadway and began fleeing." Appellant drove between a building and a telephone pole while driving along the sidewalk in an attempt to avoid the Police. The Officers did not have time to draw their weapons as Appellant was fleeing.

As Appellant pulled away, Ofc. O'Brien began pursuit in the undercover vehicle. As Ofc. O'Brien

followed Appellant, the overhead lights of his vehicle remained active, and the Officer further engaged the vehicle's audible siren. Ofc. O'Brien pursued Appellant for approximately six (6) blocks until Appellant began to drive down a one-way street against the flow of traffic. At that point, Ofc. O'Brien discontinued the pursuit due to safety concerns.

Based on the above evidence, th[e trial c]ourt found Appellant guilty on the charge of Fleeing or Attempting to Elude Police and the Summary Offenses of Failure to Stop at a Red Signal and Careless Driving.

Trial Court Opinion, 6/30/15, at 1-3 (citations to notes of testimony omitted). Upon rendering its verdict, the trial court on March 4, 2015, sentenced Appellant to 3 to 23 months' incarceration. Appellant filed a timely notice of appeal on April 1, 2015.[2]

On appeal, Appellant presents three issues for our review.

[1.] When prejudicial evidence is introduced at a jury trial presided over by a Judge, is it error for that Judge not to voluntarily recuse himself in a subsequent non-jury trial on the charge of "eluding police" stemming from the prior drug charge resulting in a guilty verdict at trial?

[2.] When a defendant is serving a short sentence of incarceration and his trial counsel's ineffectiveness is so blatant, voluminous and cumulative as to deprive defendant of constitutionally protected due process, shouldn't the ineffective assistance

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

of counsel be decided on direct appeal rather than deferred to PCRA review?

[3.]     Was [A]ppellant adequately colloqued [sic] on his jury trial waiver to determine if it was an intelligent and knowing waiver inasmuch as the Trial Judge had recently presided at a trial at which [A]ppellant was found guilty, allowing the Trial Judge to hear evidence related to this case and have knowledge of his conviction and prior criminal record[?]

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court judge "was obligated to recuse himself and allow another Judge to preside over the non-jury trial." Appellant's Brief at 14. The Commonwealth counters that Appellant has waived this issue because Appellant did not raise the recusal issue with the trial court and cannot raise it for the first time on appeal. Pa.R.A.P. 302(a). Specifically, the Commonwealth states that neither "Appellant nor [trial] counsel filed any motions seeking removal of the trial court," and at "no point did Appellant request [the trial judge] recuse himself, nor did Appellant state an objection to the trial court as factfinder." Commonwealth's Brief at 10.

Our review of the certified record, including the trial court docket and notes of testimony from Appellant's March 4, 2015 trial and sentencing, confirms the Commonwealth's assertions. We recently explained as follows.

"A party seeking recusal or disqualification [is required] to raise the objection at the *earliest possible moment,* or that party will suffer the consequence of being time barred." ***In re Lokuta****,* 11 A.3d 427, 437 (Pa. 2011) (emphasis added)

- 4 -

(quoting ***Goodheart v. Casey***, 565 A.2d 757, 763 (Pa. 1989)). Once a party has waived the issue, "he cannot be heard to complain following an unfavorable result." ***Commonwealth v. Stanton***, 440 A.2d 585, 588 n.6 (Pa. Super. 1982) (citations omitted).

***Lomas v. Kravitz***, 130 A.3d 107, 120 (Pa. Super. 2015) (*en banc*) (parallel citations omitted).

Based on the foregoing, we agree with the Commonwealth that Appellant has waived his first issue regarding recusal, such that we decline to address it further.

In his next issue, Appellant argues that he is entitled to a judicial determination of trial counsel ineffectiveness on direct appeal where Appellant "is serving a short sentence of incarceration" and trial counsel's ineffectiveness was "so blatant, voluminous and cumulative as to deprive [Appellant] of constitutionally protected due process." Appellant's Brief at 20.

The trial court properly declined to address the merits of this claim, citing prevailing case law, as follows.

As a general rule, the Pennsylvania Supreme Court has held that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. Thus, any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002); ***See Commonwealth v. Liston***, 977 A.2d 1089, 1094 (Pa. 2009). The Supreme Court further held that absent certain narrow circumstances,

"claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; such claims should not be reviewed on direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). An exception to the general rule exists when any such claims have been raised and fully developed by hearings at the trial court level. *See Commonwealth v. Bomar*, 826 A.2d 831, 853-54 (Pa. 2003).

In the case *sub judice*, Appellant raises [numerous] separate claims of ineffective assistance of trial counsel on direct appeal. The general rule established by the Pennsylvania Supreme Court prevents th[e trial c]ourt from addressing Appellant's claims at this level. Moreover, these claims do not fall into the exception to the general rule, as Appellant's contentions have not been fully developed through a hearing or by any other process. Therefore, we submit that Appellant's claims of ineffective assistance of counsel are premature and better suited for post-conviction review, in accordance with established law.

Trial Court Opinion, 6/30/15, at 6.

We agree with the trial court that pursuant to the dictates of our Supreme Court, we are precluded from considering Appellant's ineffective assistance of counsel claim on direct appeal. Therefore, we decline to address Appellant's second issue.

In his third and final claim, Appellant argues that his jury waiver colloquy "was not voluntarily, knowingly and intelligently made since the consequences of the waiver were never fully explained to him." Appellant's Brief at 11. In referencing his first issue concerning recusal, Appellant maintains the waiver colloquy "was inadequate and failed to sufficiently

advise [A]ppellant that he could be prejudiced by evidence learned by [the trial judge] as a result of presiding at [a prior jury] trial." ***Id***.

Again, the Commonwealth asserts waiver and we agree. The Commonwealth states, "Appellant's [Pa.R.A.P.] 1925(b) statement contained two grounds for appeal; however, the voluntariness of his waiver of the right to a trial by jury was not among them." Commonwealth's Brief at 19. Our review of the certified record confirms that Appellant did not raise his waiver issue in his Rule 1925(b) statement. ***See*** Appellant's Statement of Errors Complained of on Appeal, 6/5/15, at 1-4. The absence of this issue is evidenced further in the trial court opinion, which included and addressed Appellant's two issues, "*verbatim*," pertaining to recusal and trial counsel ineffectiveness. Trial Court Opinion, 6/30/15, at 3-4. Accordingly, Appellant's third issue is waived. ***Commonwealth v. Webbs Super Gro Products, Inc.***, 2 A.3d 591, 593-594 (Pa. Super. 2010) (any issues not raised in a statement of matters complained of on appeal will be waived).

In sum, we conclude that Appellant's three issues on appeal are without merit because they are either waived or not properly before us for disposition on direct appeal. We thus affirm the March 4, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016