**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN A. BREWER | : | |
| | : | |
| Appellant | : | No. 1030 EDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002532-2016

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED MARCH 08, 2019**

Benjamin A. Brewer appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction of carrying a firearm on the streets of Philadelphia.[1] Brewer attacks the sufficiency of the evidence underlying this conviction. We affirm.

The trial court accurately summarized the history of this case. **See** Trial Court Opinion, filed May 25, 2017, at 1-3. Therefore a detailed recitation of the factual and procedural history is unnecessary.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are

---

[1] 18 Pa.C.S.A. § 6106(a)(1). Brewer was also convicted of carrying a firearm without a license, 18 Pa.C.S.A. § 6108; however, he does not challenge this conviction in the instant appeal.

sufficient for the trier of fact to find each element of the crimes charges is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

On appeal, Brewer contends that the Commonwealth presented insufficient evidence to support his conviction for carrying a firearm on the streets of Philadelphia. Specifically, Brewer contends the Commonwealth failed to prove Brewer was "carrying" the firearm "upon the public streets or upon any public property" as contemplated by the statute. The trial court, in its May 24, 2017 opinion, methodically reviewed this claim and disposed of Brewer's sufficiency argument on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Stella Tsai. Judge Tsai's opinion comprehensively disposes of Brewer's challenge with appropriate reference to the record and without legal error. Accordingly, we affirm the trial court's judgment of sentence based on Judge Tsai's opinion. *See* Trial Court Opinion, filed 5/4/17 (concluding evidence was sufficient to support a finding that Brewer constructively possessed the firearm due to his statements to officers, location of the firearm in the vehicle, and the matching, loaded magazine found on Brewer).

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/19

**FILED**

MAY 2 4 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT
TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, Appellee | : : : : | CP-51-CR-0002532-2016 |
| v. | : : | |
| BENJAMIN BREWER, Defendant-Appellant | : : : | 1030 EDA 2017 |

**OPINION**

CP-51-CR-0002532-2016 Comm. v. Brewer, Benjamin A.
Opinion

7952030871

**Tsai, J.**

## Introduction

Appellant Benjamin Brewer (hereafter "Appellant" or "Brewer") appeals from the judgment of sentence entered on February 28, 2017. Mr. Brewer was found guilty of Carrying a Firearm without a License and Carrying a Firearm on the Streets of Philadelphia and was sentenced to a term of incarceration of eleven months and fifteen days to twenty three months, with immediate parole to house arrest to be followed by three years of probation.

## Factual and Procedural History

On the evening of January 15, 2016, at approximately 10:45 p.m., Officers Reinaldo Agront and Travis Washington were on plain clothes patrol in an unmarked car on the 3100 block of North Carlisle Street in Philadelphia. N.T. (Trial) 10/12/2016 at 9-10, 26. They observed a white Lincoln sedan[1] illegally parked with two wheels on

---

[1] Officer Agront stated that the vehicle was a "Lincoln Continental," but Officer Washington referred to it as a "Lincoln Town" [sic]. N.T. (Trial) 10/12/2016 at 10, 26. In the statement Appellant Brewer gave to Detective Timothy Mayer, the vehicle is referred to as a Lincoln Town Car. Exhibit C-3. For the sake of simplicity, we refer to the vehicle simply as "the Lincoln" or "the vehicle."

1

the sidewalk and with heavily tinted windows. *Id.* at 10, 26. As the officers approached to investigate these violations of the Vehicle Code, they observed Appellant Brewer exit the rear passenger side door of the Lincoln and start walking away from it. *Id.* at 10-11, 16, 27, 30.

Officer Agront stopped Mr. Brewer, and when asked if he had anything that officer needed to know about, Mr. Brewer told the officer that he had a gun in the Lincoln. N.T. (Trial) 10/12/2016 at 10, 32, 33. Officer Agront informed Officer Washington of the presence of the gun. Officer Washington then reached into the open rear passenger door of the car and retrieved from its floor an unloaded, black semiautomatic .40 caliber Smith and Wesson handgun (hereafter "handgun"). *Id.* at 11, 27, 33. There were three other persons in the Lincoln at the time, none of whom made any movements toward the handgun. *Id.* at 28. None of the other occupants of the vehicle claimed ownership of the handgun or seemed to know anything about its presence before the police recovered it. *Id.* at 21-23. Officer Washington concluded that none of the other occupants owned the handgun after speaking with them. *Id.* at 32.

Appellant Brewer was placed under arrest and during a search incident to arrest, a magazine loaded with 12 bullets was recovered from his pants pocket. *Id.* at 12, 27. Several hours later, during an interview with Detective Timothy Mayer, Appellant waived his *Miranda* rights and confessed that the handgun was his, he did not have a permit to carry a concealed firearm, and that he left it on the floor of the car when he stepped out to smoke a cigarette. *Id.* at 35; Exhibit C-3 at 4-5.

On October 12, 2016, Mr. Brewer waived his right to a jury trial and was tried before the undersigned. N.T. (Trial) 10/12/2016 at 4-7. In addition to the facts set forth *supra*, the parties stipulated that the firearm was operable and Mr. Brewer did not have

2

a valid license to carry a concealed firearm. *Id.* at 34-35; Exhibits C-1, C-2. When Commonwealth rested, defense counsel orally moved for a judgment of acquittal on the charge of Carrying a Firearm on the Public Streets of Philadelphia.[2] *Id.* at 36-38. This motion was denied. *Id.* at 40. Appellant did not testify in his own defense. *Id.* at 42-43. The undersigned found Appellant guilty of Carrying a Firearm without a License[3] and Carrying a Firearm on the Streets of Philadelphia. Sentencing was deferred to December 19, 2016 so that a Pre-Sentence Investigation Report could be prepared.

On the date of his sentencing, Mr. Brewer terminated his relationship with his trial counsel. We immediately appointed the Defender Association of Philadelphia to represent Mr. Brewer in any further proceedings. We continued the sentencing date so that the new counsel could prepare. On February 28, 2017, we sentenced Appellant to a term of incarceration of eleven months and fifteen days to twenty three months, with immediate parole to house arrest to be followed by three years of probation on both counts, with those sentences running concurrently. No post-sentence motions were filed.

Mr. Brewer filed a timely notice of appeal on March 21, 2017. By order dated March 24, 2017, we directed the Defendant to file a Statement of the Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925 within twenty-one days of that order's date of entry.

Appellant filed his Statement on April 17, 2017. Appellant presents a single claim in his Statement of Errors Complained of on Appeal:

> Where appellant was convicted of 18 Pa.C.S. § 6108 based on a firearm seized from a vehicle, the evidence was insufficient to prove

---

[2] 18 Pa.C.S. § 6108.
[3] 18 Pa.C.S. § 6106(a)(1).

3

beyond a reasonable doubt that he "carried" the firearm and that he did so "upon the public streets or upon any public property."

## Discussion

Appellant's sole claim of error challenges the sufficiency of the evidence for his conviction under 18 Pa.C.S. § 6108. The standard for reviewing the sufficiency of evidence on appeal is well-settled:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. . . . In addition . . . the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559 (Pa. Super. 2011) (citation omitted). "If the record contains support for the verdict, it may not be disturbed." *Commonwealth v. Adams*, 882 A.2d 496, 499 (Pa. Super. 2005) (quoting *Commonwealth v. Burns*, 765 A.2d 1144, 1148 (Pa. Super. 2000)).

Turning to the specifics of Mr. Brewer's claim, we first examine 18 Pa.C.S. § 6108, which provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class[4] unless:

---

4 Section 6108 requires the offense to occur on a public street or upon any public property in a city of the first class. There is no dispute that this offense occurred on the 3100 block of North Carlisle Street in the City of Philadelphia, which is the only city of the first class in this Commonwealth. N.T. (Trial) 10/12/2016 at 9-10, 26. *See Holt's Cigar Co. v. City of Philadelphia*, 10 A.3d 902, 906 (Pa. 2011); *Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1143 (Pa. 2009); 53 P.S. § 1016.

> (1) such person is licensed to carry a firearm; or
> (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

The Commonwealth must establish that Mr. Brewer was carrying a firearm either on the public streets or public property of Philadelphia and that he was neither licensed to do so nor exempt from the licensing requirements. Mr. Brewer argues that because the firearm was seized from a vehicle, the evidence was insufficient to prove beyond a reasonable doubt that he "carried" the firearm within the meaning of the statute. The facts and circumstances presented in the record establish, however, that the Commonwealth sustained its burden of proof.

Under Pennsylvania law, to prove that a defendant "carried" a firearm, the Commonwealth must establish that an individual either had actual physical possession of the weapon or had constructive possession of the weapon. *See Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). As Mr. Brewer did not physically have the handgun on his person, the Commonwealth was required to establish constructive possession of the handgun to convict. *Id.*; *Commonwealth v. Sanes*, 955 A.2d 369, 373 (Pa. Super. 2008), *disapproved of on other grounds by Commonwealth v. Hanson*, 82 A.3d 1023, 1038 (Pa. 2013); *Carter, supra*.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 1243 (Pa. 2013). *See also Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004); *Commonwealth v. Magwood*, 538 A.2d 908, 909 (Pa. Super. 1988). "Constructive possession" means that an individual has power of control over the weapon with the intention to exercise that control and may be proven by circumstantial evidence. *In re R.N.*, 951 A.2d 363, 369-70 (Pa. Super. 2008) (citing *Commonwealth v. Carter*, 450 A.2d 142, 144 (Pa. Super. 1982)). "[M]ere presence at the scene is insufficient to prove constructive possession of contraband." *Sanes*, 955 A.2d at 374 (citing *Commonwealth v. Valette*, 613 A.2d 548, 551 (Pa. 1992)).

To illustrate, in *Commonwealth v. Ford*, the Superior Court concluded that evidence was sufficient to convict defendant of Carrying a Firearm on the Streets of Philadelphia where defendant Ford walked with the victim on a public street, went inside a building with victim and co-defendant, and Ford removed a concealed firearm from the back of his pants and passed it to the co-defendant in the presence of witnesses. Although defendant Ford no longer "carried" the weapon in a technical sense, it was reasonable for the factfinder to infer that Mr. Ford had possessed the firearm while outside on a public street. *Commonwealth v. Ford*, 461 A.2d 1281, 1283, 1287 (Pa. Super. 1983).

In the matter before us, it is evident from the record that Appellant did not carry the firearm in sight of the police officers. The evidence does establish, however, that while seated in the vehicle, Mr. Brewer had the power to control the handgun and the intent to exercise that control:

6

- First, Mr. Brewer acknowledged ownership of the firearm and admitted that he left it behind inside the Lincoln when he exited the car to smoke a cigarette. N.T. (Trial) 10/12/2016 at 10, 32, 33; Exhibit C-3 at 4-5.[5]

- The handgun was recovered from the floor of the car near the rear passenger seat, the same seat Mr. Brewer had recently vacated. *Id.* at 11, 27, 33.

- At the time he was arrested, Mr. Brewer had a loaded magazine in his pants pocket that was compatible with the handgun. *Id.* at 12, 27.

- None of the other occupants of the Lincoln claimed ownership of the firearm nor did any of them make any gestures or movements towards the handgun indicating that they intended to exercise control over it. *Id.* at 21-23, 28.

In total, this evidence establishes that Mr. Brewer constructively possessed the handgun while inside the Lincoln and that he did not abandon the handgun upon exiting that vehicle. As it is undisputed that the white Lincoln was on a public street, it was reasonable to infer that Appellant carried a firearm on a public street. *See Ford, supra.* Therefore, the evidence is sufficient to establish the element of section 6108 that Mr. Brewer carried a firearm on a public street.

Lastly, Mr. Brewer may also argue, as his trial counsel argued in support of his motion for judgment of acquittal, that Section 6108 is inapplicable to the facts of this case because the statute does not explicitly penalize the carrying of a firearm "in any vehicle" in contrast to Section 6106(a)(1), which does.[6] We declined to adopt Mr.

---

[5] The Commonwealth also presented evidence that Mr. Brewer had legally acquired the firearm at Delaware Valley Sports Center. Exhibit C-3 at 4.

[6] 18 Pa.C.S. § 6106(a)(1), which is *not* the subject of this appeal, states:

> Except as provided in paragraph (2), any person who carries a firearm *in any vehicle* or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree. (emphasis added).

7

Brewer's interpretation of Section 6108 because to do so would require the court to ignore the plain text of Section 6108. Under Section 6108 an individual may not carry a firearm on the public streets or public property of Philadelphia, subject to only two exceptions:

> (1) such person is licensed to carry a firearm;
> (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

Mr. Brewer neither possessed a license to carry nor did the facts of his case fall within any of the exemptions listed in Section 6106(b). In fact, Section 6106 (b)(8) enumerates specific circumstances, *not applicable here,* when a person may carry an unloaded firearm in a secure wrapper in a vehicle without a license. They are:

- when the person is transporting the firearm from the place of purchase to his home or place of business;

- when the person is transporting the firearm to a place of repair, sale or appraisal or back to his home or place of business, or in moving from one place of abode or business to another or from his home to a vacation or recreational home or dwelling or back";

- when the person is transporting a firearm that has been returned to him or her under 18 Pa.C.S. § 6111.1(b)(4); or

- when the person is transporting the firearm to a place of instruction intended to teach the safe handling, use or maintenance of firearms.[7]

---

[7] Section 6106 (b)(8) also allows transport of unlicensed firearms "back or to a location to which the person has been directed to relinquish firearms under 23 Pa.C.S. § 6108 or back upon return of the relinquished firearm or to a licensed dealer's place of business for relinquishment pursuant to 23 Pa.C.S. § 6108.2 or back upon return of the relinquished firearm or to a location for safekeeping pursuant to 23 Pa.C.S. § 6108.3, all of which relate to the temporary relinquishing of firearms under the Protection from Abuse Act.

Our plain reading of the statute is supported by appellate decisions upholding convictions or sentences under section 6108 of a defendant like Brewer who lacked a lawfully issued license to carry a concealed firearm and was an occupant of a vehicle. *See, e.g., Commonwealth v. Walton*, 529 A.2d 15 (Pa. Super. 1987) (affirming the conviction of a taxi driver who carried a firearm in his taxi cab). *See also Commonwealth v. Baldwin*, 985 A.2d 830, 832 (Pa. 2009) (holding that Sections 6106 and 6108 do not merge for sentencing purposes). Neither of these cases, nor any others we have located in our research, contemplate adopting the type of carrying "in any vehicle" exception to section 6108 argued by Appellant at trial, nor could we presume the authority to do so. *See Commonwealth v. Webbs Super Gro Products, Inc.*, 2 A.3d 591, 595 (Pa. Super. 2015) (courts do not "have the authority to insert a word or additional requirement into a statutory provision where the legislature has failed to supply it") (quoting *In re Jacobs*, 936 A.2d 1156, 1163 (Pa. Super. 2007)). Therefore, we find that the evidence is sufficient to establish the offense occurred "on a public street" in Philadelphia as required by 18 Pa.C.S. § 6108.

## Conclusion

For the reasons discussed *supra*, we conclude the Commonwealth established all of the elements of 18 Pa.C.S. §6108 beyond a reasonable doubt. We respectfully request that Appellant's judgment of sentence be affirmed.

BY THE COURT:

_____
Stella Tsai, J.

May 24, 2017

9